NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2553
_____

UNITED STATES OF AMERICA

v.

ROBERT H. THOMAS,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-95-cr-00247-001)
Honorable Malachy E. Mannion, District Judge
_____

Submitted under Third Circuit L.A.R. 34.1(a)
February 7, 2020

BEFORE:  SHWARTZ, SCIRICA, and COWEN, Circuit Judges

(Filed: April 24, 2020)

_____

OPINION*
_____

COWEN, Circuit Judge.

    Robert H. Thomas appeals from the criminal judgment entered by the United

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

States District Court for the Middle District of Pennsylvania revoking his supervised release.  We will affirm.

I.

In 1996, Thomas pled guilty to one count of possession of ammunition as an armed career criminal in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(e).  He was sentenced to 180 months' imprisonment and three years of supervised release.  On December 31, 2008, Thomas was released from federal prison and began to serve his supervised release.

On May 10, 2009, the Pennsylvania State Police arrested Thomas on charges of kidnapping, false imprisonment, burglary, and terroristic threats.  The United States Probation Office filed a notice of a supervised release violation on May 14, 2009, a warrant was issued, and a detainer was filed with the state authorities.  In August 2010, a state court jury found Thomas guilty, and he was sentenced to ten to twenty years of imprisonment.  Thomas continues to challenge his state court conviction.

It appears that Thomas learned of the federal detainer in 2019 during his state parole proceedings.  "In February and again in June 2019, while still incarcerated on the state convictions, the Defendant sent letters to U.S. Clerk of Courts for the Middle District of Pennsylvania and requested a hearing on the violation petition."  (Appellee's Brief at 7 (citing A32).)  A revocation hearing was conducted on June 25, 2019.

At the revocation hearing, the defense argued that the revocation proceeding was not held "within a reasonable amount of time."  (A35.)  The District Court, however, concluded that "I would say that there is no prejudice because of the circumstances of

2

this kind of a violation," e.g., "it's really a violation that is complete by the filing of a certified copy of conviction, if necessary." (Id.) While recognizing that the Speedy Trial Act, 18 U.S.C. § 3161, does not apply in the supervised release context, it indicated that the time between the filing of the revocation charges and the hearing should be excluded because he was incarcerated in state prison during that time period. Accordingly, the District Court denied his motion and sentenced him for the violation of supervised release. The District Court did choose to vary from the Sentencing Guidelines range of 21 to 27 months. Thomas was ultimately sentenced to a term of imprisonment of 12 months (and one day), to be served consecutively to his state sentence.

## II.

It is well established that a revocation hearing should be held within a reasonable period of time.[1] See, e.g., Fed. R. Crim. P. 32.1(b)(2); Morrissey v. Brewer, 408 U.S. 471, 488 (1972); United States v. Poellnitz, 372 F.3d 562, 570-72 (3d Cir. 2004). Several factors should be considered in deciding whether a delay was unreasonable, i.e., the "length of delay, reason for the delay, the [defendant's] assertion of his right, prejudice to the [defendant], and the reason why the [defendant] was in custody." Poellnitz, 372 F.3d at 570 (citing United States v. Rasmussen, 881 F.2d 395, 398 (7th Cir. 1989)). The "reasonable time" requirement, however, is not triggered by "the lodging of an unexecuted federal parole violator warrant as a detainer with state prison authorities"; it applies only after the warrant is executed and the defendant is brought into federal

---

[1] The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231, and we have appellate jurisdiction under 28 U.S.C. § 1291.

custody to answer for the violation.  United States ex rel. Caruso v. U.S. Bd. of Parole, 570 F.2d 1150, 1153 (3d Cir. 1978).

We agree with the government that the District Court did not violate Thomas's right to a timely revocation hearing.  Admittedly, approximately ten years passed between the filing of the revocation charges (as well the federal detainer) and the revocation hearing itself.  The government also "recognizes that the revocation hearing could have taken place much earlier than 2019."  (Appellee's Brief at 14.)  However, Thomas was in state custody during this period of time (with the exception of a few days in which he was held in federal custody for his revocation hearing).  See, e.g., United States v. Scott, 850 F.2d 316, 320 (7th Cir. 1988) (holding that the Supreme Court has "recognized that when a parolee's custody derives from another conviction rather than from a parole violator warrant, the consequent liberty loss 'attendant upon parole revocation' and protected in Morrissey is not yet triggered." (discussing Moody v. Daggett, 429 U.S. 78 (1976))).  In fact, Thomas still remains in the custody of the Pennsylvania Department of Corrections.  Furthermore, the District Court properly determined that the delay did not prejudice Thomas.  It recognized that "the violation relates to something as simple as putting in a certified copy of conviction" (A38).  See, e.g., Poellnitz, 372 F.3d at 566 ("In the normal course, one might expect that if the court finds defendant was convicted of a crime, the court may automatically revoke release based on the defendant's commission of the underlying offense.").  With respect to Thomas's rather vague assertions about how now-deceased family members could have offered testimony in support of a mitigated sentence, we note that he was found guilty in

4

state court of committing serious criminal conduct—including kidnapping and burglary—less than six months after he was released from incarceration on a fifteen-year federal sentence, and he has not explained how their testimony would undercut this proven violation.[2]

## III.

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[2] In his reply brief, Thomas contends that, had the hearing been held within a reasonable period, he "might have been able to challenge the revocation order on grounds that, in light of the 2015 decision of the U.S. Supreme Court in Johnson v. United States, 135 S. Ct. 2551 (2015), his underlying sentence should have been reduced and his term of supervised release should have ended prior to the alleged violation." (Appellant's Reply Brief at 4-5 (citing A20-A27)).) However, Thomas did not raise this theory of prejudice in his opening brief. See, e.g., In re Surrick, 338 F.3d 224, 237 (3d Cir. 2003) (stating that failure to identify or argue issue in opening brief constitutes waiver of argument on appeal).